YAZOO & M. V. R. R. Co. *v.* GORDON.

(Division A.    Feb. 20, 1939.)

[186 So. 631.    No. 33528.]

Dent, Robinson & Ward, of Vicksburg, **Lucius E. Burch, Jr.**, and **Clinton H. McKay**, both of Memphis, Tenn., and **E. C. Craig** and **V. W. Foster**, both of Chicago, Ill., for appellant.

**Dabney & Dabney,** of Vicksburg, for appellee.

Argued orally by **R. H. Robinson** and **Lucius E. Burch, Jr.**, for appellant, and by **F. Y. Dabney**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

On March 7, 1938, a carload of cattle which was being transported from Houston, Texas, to a place in Tennessee was in the appellant's possession at Vicksburg, having come into its possession as a connecting carrier. The cattle were there unloaded into a cattle pen, and early the next morning while being reloaded into the car three of them escaped. Three or four hours thereafter, a steer, without provocation, attacked and gored the appellee, a child, on a public highway just out of Vicksburg. It is clear from the evidence that this steer was of the cattle that escaped from the appellant's car. When the steer left the pen, it ran some distance in the railroad yard, and then into a city street, and from there into and along the public highway to the place where the appellee was gored.

The court below directed the jury to return a verdict for the appellee for liability, and to fix the amount of damages, and it acted accordingly. The appellant complains of this ruling and says that its request for a directed verdict should have been granted.

The appellee says that this steer was a wild animal, ferae naturae, of the character known to be savage and vicious, and consequently the duty of the appellant to prevent its escape from confinement was absolute, in

which connection see 3 Rest. Torts, sec. 517. Cattle emerged from the classification of ferae naturae into that of domestic animals centuries ago. Whether a domestic animal may return to the classification of ferae naturae because of the environment in which it was born and has lived is not before us on this record.

The appellant says that the steer being a domestic animal, it is not liable for harm done by it while at large for the reason that it did not know and had no reason to know that it was abnormally dangerous. The rule thus invoked has its limitations and as set forth in Rest. Torts, sec. 518, is:

"Except as stated in Subsection (2) and Secs. 504-5, one who possesses or harbors a domestic animal, which he does not have reason to know to be abnormally dangerous but which is likely to do harm unless controlled, is subject to liability for harm done by such animal if, but only if,

" '(a) he fails to exercise reasonable care to confine or otherwise control it, and

" '(b) the harm is of a sort which it is normal for animals of its class to do.' "

The words "which is likely to do harm unless controlled" must be construed in connection with the comments on the section. Comment e.: "Amount of care required. The care which the keeper of a domestic animal is required to exercise in its custody is commensurate with the character of the animal." Comment g.: "Animals dangerous under particular circumstances. One who keeps a domestic animal which possesses only those dangerous propensities which are normal to its class is required to know its normal habits and tendencies. He is, therefore, required to realize that even ordinarily gentle animals are likely to be dangerous under particular circumstances and to exercise reasonable care to prevent foreseeable harm." The circumstances here bring the case within this rule. This steer, in the language of the witness, "got excited like any other cows or animals

in the yards," and acting according to its nature attempted to and did escape. This excitement necessarily continued when it escaped into unfamiliar surroundings —a railroad yard, a city street and a public road. The nature of cattle is such that the probabilities are that, when laboring under such excitement and while continuing their effort to escape from control, they will attack and injure persons who may be in their way; and the appellant must be charged with notice thereof. The fact here is that this steer attacked other persons before arriving at the place where the appellee was gored, and thereafter when the appellant's employes attempted to capture it, they could only do so by shooting and wounding it so seriously that it died therefrom.

Moreover, this injury to the appellee was inflicted on a public highway, and the rule is that one in possession of an animal is without the right to permit it to be on a public highway unattended if he should have reasonably anticipated that injury would be there inflicted by the animal; and if he is negligent in permitting it so to be on the highway, he will be liable for the damages caused by such an injury. 2 Am. Jur. Animals, sec. 6; 45 A. L. R. 505.

The appellant did not intentionally permit this steer to be at large. Consequently, it is liable therefor only if it was negligent either in permitting the steer to escape from its custody, or in not recapturing it after its escape therefrom, both of which, on the evidence here, were for the determination of and should have been submitted to the jury.

One question remains. The appellant says that when this steer escaped, the cattle were being loaded into the car, not by its employes, but by one under contract with it so to do of such character as to make him an independent contractor. We will not determine from the evidence whether this is true, for if true, the fact would not relieve the appellant from liability. The appellant owed a duty to the public, under the circumstances herein-

before set forth, to prevent this steer from being at large and could not delegate the performance thereof to another and thereby escape liability for its nonperformance. H. Weston Lbr. Co. v. Hibbens, Miss., 182 So. 115; Texas & P. Ry. Co. v. Juneman, 5 Cir., 71 F. 939. Note to Hunsaker v. Chesapeake & O. R. Company, 28 A. L. R. 122.

Reversed and remanded.