# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01090-SCT

*ROGER McMILLAN AND J. A. TUCKER*

*v.*

*GENARO SALINAS RODRIGUEZ*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/5/2001 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | CHRISTI R. McCOY |
| ATTORNEYS FOR APPELLEE: | DAVID O. BUTTS |
| | BARRY JOE WALKER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 08/15/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/2002 |

**BEFORE SMITH, P.J., WALLER AND CARLSON, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Genaro Salinas Rodriguez (Salinas) and his wife, Maria Rodriguez, filed suit against Roger McMillan and J. A. Tucker on September 22, 1998. Their complaint alleged that McMillan and Tucker were liable for damages suffered by Salinas following an automobile collision with a Brangus bull owned by McMillan on Highway 365 in Tishomingo County, and Maria's resulting loss of consortium. On May 24, 2001, Tucker filed a motion for summary judgment. The case went to trial on June 4, 2001. After the jury was empaneled and dismissed for lunch, Tucker's attorney addressed the motion for summary judgment, arguing that Miss. Code Ann. § 69-13-111 (2001) controlled and placed all liability on the shoulders of McMillan. The motion for summary judgment was denied. Further, Tucker's and McMillan's counsel made a motion in limine for the exclusion of all testimony relating to any previous escapes by the bull. That motion also was denied. The case went to trial, and the jury returned a verdict for Genaro Salinas Rodriguez in the amount of $150,000.00, but Maria Salinas's claim for loss of consortium was denied. Judgment was entered accordingly. Alleging that the trial court improperly denied their motions for summary judgment and the exclusion of prior escape testimony, McMillan and Tucker have appealed.

¶2. We conclude that the trial court was correct in denying the motion for summary judgment as a jury issue regarding negligence was clearly established. We also hold that the trial court did not abuse it discretion in

admitting evidence of a prior occurrence under similar circumstances was being more probative than prejudicial. We affirm the trial court.

## FACTS

¶3. On the morning of April 21, 1998, Genaro Salinas Rodriguez, a naturalized Mexican American, was driving to work on Highway 365 in Tishomingo County, when his automobile collided with a registered Brangus bull. Salinas was taken from the scene of the accident to Iuka Hospital, and from there to North Mississippi Medical Center. He was treated for a fractured pelvis, broken ribs, and lacerations to his face.

¶4. The Brangus bull had escaped from his pasture bordering Highway 365 and wandered onto the highway. The bull was owned by McMillan, but he kept it on Tucker's, his father-in-law, land with Tucker's cattle. The pasture was enclosed by various fences throughout and an approximately four foot high chain link fence on the side that fronts the highway. There was never any lease, license, or other instrument transferring an interest in the land executed between McMillan and Tucker. McMillan had previously owned a herd of cattle kept at a different location, but had sold it in either 1997 or earlier in 1998. McMillan had been in the cattle business for approximately five years. Tucker had been in the cattle business for approximately thirty years.

¶5. Eleven days prior to trial, Tucker's counsel, who had recently been retained, filed a motion for summary judgment, but the motion was not heard until a jury had been empaneled on the day set for trial of the case, June 4, 2001. Tucker's counsel argued that since Miss. Code Ann. § 69-23-111 placed the presumption of liability squarely on the owner of the offending livestock, he could not be held liable for any of Salinas's damages. The plaintiff argued that they were not seeking to impose liability on Tucker under Miss. Code Ann. § 69-13-111, but instead were seeking to send the question of his liability to the jury under the common law theory of negligence. The trial court denied the motion for summary judgment. Tucker renewed his motion as a motion for directed verdict at the conclusion of the plaintiffs' case.

¶6. Next, Tucker's and McMillan's counsel made a motion to have all testimony or evidence of prior escapes by the bull excluded from evidence. Two months prior to Salinas's accident, the same Brangus bull had escaped from the pasture, crossed Highway 365 and entered the pasture of a neighboring farmer. Tucker and McMillan claimed that any such evidence's prejudicial effect outweighed its probative value because there was no evidence of how the bull escaped, although Tucker and McMillan speculated that it must have jumped the fence. Salinas's attorney argued that the evidence was merely presented to offer evidence of Tucker's and McMillan's notice of the existence of an dangerous condition. The trial court denied this motion as well.

¶7. After the witnesses had testified, the trial court sent the case to the jury on the following jury instructions. As to McMillan's liability, Jury Instruction No. 5 stated:

> The Court instructs the jury that te owner of livestock found on the highways of this State, which cause wrecks or bodily injury, are responsible for the property damage and injuries caused by the livestock. It is not the burden of the injured person to prove that the owner of the livestock was negligent, but rather it is the burden of the owner to prove that the livestock got onto the highway through no fault or negligence of his own.

> It is admitted by the defendant, Roger McMillan, that he owned the bull which got on to the highway

and caused the accident which destroyed Mr. Salinas' car and injured him. It is not Mr. Salinas' burden to prove that Mr. McMillan's negligence caused the bull to be on the roadway, but it is the burden of Mr. McMillan to prove that the bull got there through no fault or negligence of his own. Negligence is doing an act which a reasonably prudent person would not do, or failing to do what a reasonably prudent person would do. If the defendant, Mr. McMillan has failed to prove that the bull go onto the road through no fault or negligence of his won, then you will return your verdict for the plaintiffs against the defendant, Mr. McMillan.

The trial court's instruction No. 6 dealt with Tucker's liability:

This Court instructs the jury that persons who keep cattle have a duty to prevent their escape. The keepers of such animals are responsible for harm done by them if the keepers fail to exercise reasonable care to control the animal and the harm done is of a sort normal for animals of its class. Therefore, if you find from a preponderance of the evidence that J.A. Tucker failed to exercise reasonable care to prevent the escape of the bull in question, and that the harm done was of the sort expected to occur in such circumstances, then you will return your verdict for the plaintiffs against the defendant, J.A. Tucker.

¶8. The jury returned a verdict in favor of Salinas for $150,000.00. McMillan and Tucker appeal that finding.

## STANDARD OF REVIEW

¶9. This Court has repeatedly stated the standard of review for denials of motions for summary judgment:

Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court's grant or denial of a summary judgment and examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.

*Heigle v. Heigle,* 771 So.2d 341, 345 (Miss. 2000) (*citing McCullough v. Cook*, 679 So.2d 627, 630 (Miss. 1996)). The admissibility of evidence rests within the discretion of the trial court. *Clemons v. State*, 732 So.2d 883, 887 (Miss. 1999); *Hayes v. State*, 803 So.2d 473, 475 (Miss. Ct. App. 2001). However, this Court will review the record to determine whether the trial court employed the proper legal standards in its fact findings governing evidence admissibility. *Id.* Therefore, the trial court's discretion must be exercised within the scope of the Mississippi Rules of Evidence and reversal will be appropriate only when an abuse of discretion resulting in prejudice occurs. *Id.*

## DISCUSSION

¶10. McMillan and Tucker raise the following issues on appeal:

**I. WHETHER THE TRIAL COURT ERRED IN DENYING J.A. TUCKER'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR DIRECTED VERDICT.**

¶11. Section 69-13-111 of the Mississippi Code Annotated provides:

> The owners of livestock which through their owner's negligence are found on federal or state designated paved highways or highway rights-of-way shall be subject to any damages as a result of wrecks, loss of life or bodily injury as a result of said livestock being on the above designated highways. The burden shall be on the owner of any such livestock to prove lack of negligence. . . .

Miss. Code Ann. § 69-13-111 (2001). Rule 56(c) of the Mississippi Rules of Civil Procedure states that the summary judgment motion "shall be served at least ten days before the time fixed for the hearing. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The ten-day notice requirement is held to be strictly applied, and generally a motion for summary judgment cannot be entertained once a jury is empaneled. *See **Pope v. Schroeder***, 512 So.2d 905 (Miss. 1987). The ten-day rule was not violated in this case because the motion was served eleven days before trial.

¶12. In interpreting § 69-13-111, this Court has stated that "the language of the statute expressly creates a presumption that the owner of stray livestock is negligent in his confinement of the animal." ***Carpenter v. Nobile,*** 620 So.2d 961, 963 (Miss. 1993). However, the plaintiffs in this case never sought to have Tucker found liable under § 69-13-111. Instead, they sought to have him found liable under the common law rules of negligence.

¶13. Generally, "[t]he owner or keeper of a domestic animal is charged with knowledge of the natural propensities of animals of the particular class to which this animal belongs, and, if these propensities are of the kind that might cause injury he must exercise the care necessary to prevent such injuries as may be anticipated." 4 Am. Jur. 2d *Animals* § 102, at 439 (1995) (footnote omitted). Further, "[t]he rules as to liability for injuries inflicted by domestic animals apply, in the absence of any statute to the contrary, to persons who keep or harbor animals upon their premises with notice of their vicious disposition, whether they own them or not." *Id.* § 105, at 442 (footnote omitted). Also, liability will not attach to persons who do not have control over the animal, and "landowners, such as landlords who do not have control over the animal will not be held liable for injuries caused by it." *Id.* at 443 (footnote omitted). If there had been a lease or license signed in this case, then Tucker definitely would not be liable because, as stated by the Texas Court of Appeals, "when the lessor has no control over the premises, the lessor has no liability for injuries stemming from leased premises within the control of the tenant." ***Levesque v. Wilkens***, 57 S.W.3d 499, 505 (Tex. Ct. App. 2001).

¶14. In interpreting statutes, courts should not extend statutory liability "beyond that which is clearly indicated by express terms or by necessary implication from the language used." ***Houston v. Holmes***, 202 Miss. 300, 303, 32 So.2d 138, 139 (1947). The rule is that "legislation creating a liability where no liability existed at common law should be construed most favorably to the person or entity subjected to the liability, and against the claimant for damages." ***Id.*** There was common law liability for owners and keepers of livestock in Mississippi prior to the passage of the statute that has become § 69-13-111. *See **Yazoo & M.V.R. Co. v. Gordon***, 184 Miss. 885, 186 So. 631 (1939).

¶15. Mississippi has no cases that deal with the issue of the liability of a non-lessor landowner for the damages caused by livestock on its land. Section 69-13-111 does not create a new basis for liability; it creates a rebuttable presumption of negligence. There was no new theory of liability created by this statute. The language of the statute makes it clear that only the owner of the cattle is subject to the presumption of liability. It does not say that only the owner of cattle can be held liable for damages. Therefore, whether a non-owner, who had an interest in and control over the land or livestock on it, is liable is a negligence question that should go to the jury.

¶16. In this case, there was testimony to the effect that both Tucker and McMillan exercised control over the offending bull; and therefore, the jury's finding that both were liable is within the evidence presented. Since Tucker's liability was alleged to exist under a negligence theory, at no time could the court switch the burden of proof on the issue of liability to the defense, as it could with McMillan. Instead, Salinas had to meet his burden. Jury Instruction 6 clearly states the standard of finding Tucker liable under the non-owner/keeper standard. *See Gordon*, 186 So. at 631.

¶17. Therefore, since Tucker was tried under a negligence theory of liability and at no time was the burden of proof shifted to him, he was not entitled to summary judgment on the grounds that § 69-13-111 only applied to owners of runaway livestock. Since there existed several issues of material fact on which reasonable jurors could differ, the trial court was correct in denying Tucker's motion for summary judgment.

## II. WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF PRIOR ESCAPES.

¶18. Tucker and McMillan contend that it was error for the trial court to admit evidence of the escape of the bull two months prior to the accident in this case. It is the rule of this Court that "admission or suppression of evidence is within the discretion of the trial judge and will not be reversed absent an abuse of that discretion." *Sumrall v. Miss. Power Co.*, 693 So.2d 359, 365 (Miss. 1997). In addition, this Court has stated that "our institutional role mandates substantial deference to the jury's findings of fact and to the trial judge's determination whether a jury issue was tendered. . . . The trial judge's determination of whether, under the standards articulated above, a jury issue has been presented, must per force be given great respect here." *City of Jackson v. Locklar*, 431 So.2d 475, 478-79 (Miss. 1983). In *Locklar*, this Court faced a similar evidentiary problem. There, the issue was whether the City of Jackson had notice of a dangerous condition, a negligently maintained manhole cover. *Locklar*, 431 So.2d at 477. In that case, the evidence showed that prior actions had informed the city of the existence of hazardous conditions and the evidence to that effect showed notice of the dangerous condition. *Id.* at 480.

¶19. Further this Court has ruled that "admissibility is limited to conditions of permanency and the evidence must show that former accidents happened under substantially the same circumstances as those existing at the time of the accident." *Hartford Ins. Group v. Massey*, 216 So.2d 415, 417 (Miss. 1968). In *Massey*, a case factually similar to this one, this Court ruled that the plaintiffs did not meet that standard because they "failed to show that the former accidents involved cattle of the appellee and that a condition existed which should have given appellee notice of the dangerous condition so that failure to rectify the condition would be negligence."*Id.* at 418. Recently, this Court has allowed admission of evidence of previous bovine escapes as long as they occurred within twelve months of the disputed accident. *Barrett v. Parker*, 757 So.2d 182, 188-89 (Miss. 2000).

¶20. In Tucker's case, the evidence of prior escapes consisted of the admission by the defendants that two months before the incident involving Salinas, the same bull had escaped from the same pasture and crossed the same road. This evidence was introduced to show that the defendants had notice of the existence of a dangerous condition and negligently neglected to take any measures to remedy the situation. At no time did the defendants contend that the conditions of the prior escape to the one at issue were not similar because they had taken measures to prevent the bull from escaping again. The probable reason they did not introduce such evidence is that they did not have any evidence to produce. Therefore, this evidence meets the requirements set forth in *Massey* for the similarity of conditions, and clearly the fact that it happened within two months of the accident with Salinas means that it also satisfies the temporal relationship requirement of ***Barrett.***

## CONCLUSION

¶21. The trial court did not err in denying Tucker's motion for summary judgment because, while § 69-13-111 does create a presumption of negligence against the owner of livestock involved in an accident on a highway, it does not necessarily preclude a finding of negligence against a keeper of an animal who exercises control over the animal. In this case, Tucker could be held liable because he had notice as to the propensity of the bull to jump the fence and he failed to take any measures to prevent it from happening again. Absent a lease that precluded Tucker from making repairs to his fences, the matter of his negligence was a jury issue, and the trial court properly denied the motion for summary judgment.

¶22. The trial court did not abuse its discretion by admitting evidence of the bull's previous frolic with the neighbor's cows. Because the same bull was located in the same pasture, and it decided to cross the same road, the evidence of the prior escape occurred under sufficiently similar circumstances to make the evidence's probative value outweigh its prejudicial effect. Further, the closeness in time of the previous escape adds to the probative value of the evidence, and the evidence clearly fell within the one year standard affirmed in ***Barrett.*** Therefore, for the foregoing reasons, the judgment of the trial court is affirmed.

¶23. **AFFIRMED.**

**PITTMAN, C.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.**