914 So.2d 1250 (2005)
Julius CASHWELL, Appellant
v.
Glen FINCHER d/b/a Fincher Electronics, Appellee.
No. 2004-CA-01435-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*1251 William A. Pate, Gulfport, attorney for appellant.
Scott Corlew, Pascagoula, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Julius Cashwell ("Cashwell") brought an action against Glen Fincher ("Fincher") in the Circuit Court of Harrison County for an injury received while assisting Fincher in lifting a large screen television. The trial court granted Fincher's motion for summary judgment. Aggrieved *1252 by this decision, Cashwell appeals. Finding no error, we affirm.

FACTS
¶ 2. The facts in this case are uncomplicated and basically undisputed. On approximately February 17, 1999, Cashwell was working as a television repair person, at the time performing independent contractor work on a job-by-job basis for Fincher and Fincher Electronics. At the time of the incident at issue, Fincher, Cashwell, and a full-time employee of Fincher Electronics named Ron Hoffman ("Hoffman") were present. When Fincher was preparing to work on a large screen television set, he asked Cashwell, who worked only on conventional (not large screen) television sets, to assist him in raising the set to a table. Cashwell was aware that Fincher generally used three people to lift a large screen television set, with a fourth person assisting by sliding the table beneath the set while the other three had it raised. However, in this instance, only three people were present in the shop, so Fincher asked Cashwell and Hoffman to lift the set while he slid the table underneath it. Cashwell agreed, and he and Hoffman began to lift the television, but Cashwell noticed something was wrong and that his right biceps muscle had risen toward the top of his arm. Cashwell immediately stopped trying to lift the television.
¶ 3. When Cashwell later sought medical attention, the physician notified him that his right biceps muscle was torn away from its connection near his elbow, and surgery was necessary to reattach it. Additionally, a previously existing back injury of Cashwell's was aggravated either by the incident or the subsequent physical therapy meant to relieve the biceps injury.
¶ 4. Cashwell filed an action against Fincher in the Circuit Court of Harrison County, alleging that Fincher failed to provide "an adequate facility or proper equipment for lifting large TV's." When Fincher motioned for summary judgment, the trial judge granted his motion. Though the trial court noted that Cashwell was undisputedly an independent contractor, it did not apply the "independent contractor exception" to the general rules of premises liability. Rather, the trial court ruled that Fincher owed Cashwell a duty, as premises owner/occupier to business invitee, to keep the business premises in a reasonably safe condition. The trial judge reasoned that the large screen television was not a dangerous condition, and therefore summary judgment for Fincher was appropriate. Aggrieved by the decision, Cashwell appeals.

STANDARD OF REVIEW
¶ 5. The standard by which this Court reviews a lower court's grant of summary judgment is de novo. McMillan v. Rodriguez, 823 So.2d 1173, 1177(¶ 9) (Miss.2002). If, examining all evidentiary matters, no genuine issue of material fact exists, then summary judgment is proper. Id. The evidence must be examined in the light most favorable to the nonmovant. Id. The nonmovant is to be given the benefit of every reasonable doubt in light of the evidence. Jones v. James Reeves Contractors, 701 So.2d 774, 777 (Miss.1997). "A motion for summary judgment will lie only where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Id.

ISSUES AND ANALYSIS
¶ 6. Cashwell argues that the cases in Mississippi dealing with an independent contractor being injured on the premises of one with whom he has contracted are distinguishable from his situation. Cashwell argues that those cases, which preclude *1253 the independent contractor's recovery, all revolve around the independent contractor being in control of the premises and working within his area of special expertise. Cashwell argues that, in this situation, Fincher was at all pertinent times completely in control of the premises. Furthermore, Cashwell argues, and it is undisputed, that his area of expertise is only in conventional television sets, and that he never works on large screen sets. As such, Cashwell argues that summary judgment was inappropriate.
¶ 7. Under the theory of premises liability, "the duty owed by a premises owner or occupier to a business invitee ... is that duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition." Id. at 782. Furthermore, "the owner/occupier is not an insurer of the invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee." Id. With respect to independent contractors, a variation on the general premises liability rules is that the owner/occupier has no duty to protect them from dangers "arising from or intimately connected with" defects on the premises, or machinery or appliances on the premises which the independent contractor has undertaken to repair. Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 270 (Miss.1970). However, the lynchpin in determining whether the owner/occupier of the premises "is absolved of liability [due to the injured party's status as an independent contractor] is whether it maintains any right of control over the performance of that aspect of work which gave rise to the injury." Magee v. Transcontinental Gas Pipe Line Corp., 551 So.2d 182, 186 (Miss.1989). Cashwell was undisputedly working as an independent contractor for Fincher at the time he was injured. However, that fact alone does not mean that Fincher is absolved of liability, as he clearly exercised control over the premises and the particular task at the time Cashwell was injured. Nevertheless, while Cashwell is correct in his assertion that Fincher may not benefit from the "independent contractor exception" to the general rules of premises liability, that does not mean that Fincher is automatically liable for his injury. It simply means that the ordinary rules of premises liability (i.e., the duty of an owner/occupier to a business invitee) apply.
¶ 8. Despite the fact that Cashwell's area of expertise was in working on conventional televisions, it is difficult to conceive that Cashwell did not understand and appreciate that large screen televisions were significantly heavier than conventional sets. Furthermore, the agency from which Cashwell received his injury was the lifting of the television rather than any unusually dangerous "condition" posed by the television itself. As such, while we find that the "independent contractor exception" does not apply to absolve Fincher of liability, we nevertheless hold that the trial court was not in error in granting Fincher's motion for summary judgment. For the above reasoning, we affirm.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.