931 So.2d 617 (2005)
UNIVERSAL UNDERWRITERS GROUP, INC., Appellant
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 2004-CA-01818-COA.
Court of Appeals of Mississippi.
November 29, 2005.
Rehearing Denied April 11, 2006.
Certiorari Denied June 15, 2006.
*618 Jeffrey Lee Ingram, attorney for appellant.
J. Niles McNeel, Louisville, attorney for appellee.
EN BANC.
LEE, P.J., for the Court.
¶ 1. Universal Underwriters Group, Inc. ("Universal") appeals the decision of the trial court granting summary judgment in favor of State Farm Fire and Casualty Company ("State Farm"). On appeal, Universal contends that Dylan Hawkins ("Hawkins") was not required by law to be insured by Universal under the policy issued to Griffis Ford Mercury, Inc. ("Griffis"). We find no error and affirm.

FACTS
¶ 2. Kathy Massey rented a 2000 Ford Focus from Griffis. On May 13, 2002, the rental car, being driven by Hawkins with Massey's consent, was involved in a motor vehicle accident with Claude Chambers. As a result of the accident, Chambers' vehicle was damaged and the cost of repairs totaled $5,066.50. At the time of the accident, Griffis was insured by an insurance policy issued by Universal and Hawkins was insured by an insurance policy issued by State Farm. State Farm paid Chambers' $5,066.50 claim and subsequently requested reimbursement from Universal. When Universal denied the request, State Farm sued. The Chancery Court of Neshoba County granted summary judgment for $5,000 in favor of State Farm. Universal now appeals.

STANDARD OF REVIEW
¶ 3. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it. McMillan v. Rodriguez, 823 So.2d 1173, 1176(¶ 9) (Miss.2002). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his or her favor. Id. Otherwise, the motion should be denied. Id. The burden of demonstrating that no genuine *619 issue of material fact exists is on the moving party. Id. The non-moving party should be given the benefit of the doubt. Id.

ANALYSIS
¶ 4. Universal contends that its policy does not apply because Hawkins was not an insured under its policy. In support of this argument, Universal relies on State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co., 797 So.2d 981 (Miss.2001). There, the driver of the vehicle was insured by a garage policy which covered "any other person or organization required by law to be an insured while using an auto covered by this coverage part within the scope of your permission." Id. at 983(¶ 5). The court found that since there was no requirement of law that the driver be insured, the driver of the vehicle covered by the garage policy was not an insured according to the policy. Id. at 986(¶ 16). The accident in that case occurred in November 1996. Since that date the Mississippi legislature amended the "Mississippi Motor Vehicle Safety Responsibility Law" by enacting mandatory insurance coverage. Mississippi Code Annotated Section 63-15-4(2) (Rev.2004) provides:
(a) Every motor vehicle operated in this state shall have an insurance card maintained in the vehicle as proof of liability insurance that is in compliance with the liability limits required by Section 63-15-3(j). The insured parties shall be responsible for maintaining the insurance card in each vehicle.
(b) An insurance company issuing a policy of motor vehicle liability insurance as required by this section shall furnish to the insured an insurance card for each vehicle at the time the insurance policy becomes effective.
¶ 5. The Universal policy applying to this case defines "Auto Hazard" as follows:
"AUTO HAZARD" means the ownership, maintenance, or use of any AUTO YOU own or which is in YOUR care, custody or control and:
(1) used for the purpose of GARAGE OPERATIONS;
(2) used principally in GARAGE OPERATIONS with occasional use for other business or nonbusiness purposes;
(3) furnished for the use of any person or organization. (emphasis added).
¶ 6. The Universal policy defines an insured under the AUTO HAZARD coverage as follows:
With respect to the AUTO HAZARD:
(1) YOU;
(2) Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be YOU or within the scope of YOUR permission;
(3) any CONTRACT DRIVER;
(4) Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permissions. (emphasis added).
¶ 7. The AUTO HAZARD coverage referred to above applies to the rental car owned by Griffis because the car was "furnished for the use of any person or organization" and that "person," Hawkins, was "required by law to be an INSURED while using the AUTO. . . ."
¶ 8. Universal concedes that under the current statutory law, no vehicle is to be operated in Mississippi without proper *620 insurance. Universal argues, however, that the insurance can be provided by the operator of the vehicle (Hawkins) or by the owner of the vehicle (Griffis). Universal therefore contends that because Hawkins, as operator of the vehicle involved in the accident, had applicable insurance with State Farm, she was not required by law to be insured by Universal and thus does not meet the definition of an insured under Universal's policy. However, if two policies are in effect at the time of the accident, the insurer for the owner of the vehicle involved is the primary insurer. U.S. Fid. and Guar. Co. v. John Deere Ins. Co., 830 So.2d 1145, 1148(¶ 16) (Miss.2002); Travelers Indem. Co. v. Chappell, 246 So.2d 498, 505 (Miss.1971). Thus, Universal, as the insurer for Griffis, the owner of the vehicle involved, is the primary insurer.
¶ 9. Pursuant to Section 63-15-4(2) (Rev.2004), Mississippi now requires liability insurance coverage on every vehicle operated in this state. Specifically, the law states that "insured parties shall be responsible for maintaining the insurance card in each vehicle." Miss.Code Ann. § 63-15-4(2)(a) (Rev.2004). This provision vests the responsibility of providing insurance on the person with an insurable interest in the property. The general rule that anyone who derives a benefit from property or would suffer loss from its destruction has an insurable interest in the property has been applied to motor vehicle insurance. Dorsey Mississippi Sales, Inc. v. Newell, 251 Miss. 77, 168 So.2d 645 (Miss. 1964). This rule places the burden of providing insurance and proof thereof on Griffis, which was done through the Universal Underwriters policy.
¶ 10. Based on the language of the Universal policy, there was liability coverage for anyone driving a Griffis-owned vehicle with proper permission. Despite its argument to the contrary, Universal was not relieved of its obligation to provide insurance simply because some other coverage was available. Since coverage on the Griffis vehicle was primary, Universal has liability for damage to Chambers' car up to the $5,000 as required by Mississippi Code Annotated Section 63-15-3(j) (Supp.2005).
¶ 11. Upon review, we find that State Farm is entitled to summary judgment against Universal for $5,000. Thus, the decision of the Chancery Court of Neshoba County is affirmed.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF NESHOBA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., BRIDGES, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT A SEPARATE WRITTEN OPINION. GRIFFIS, J., NOT PARTICIPATING.