929 So.2d 377 (2006)
Willie BRADLEY, Appellant
v.
Spencer McALLISTER and the City of Natchez, Mississippi, Appellees.
No. 2004-CA-01657-COA.
Court of Appeals of Mississippi.
May 16, 2006.
*378 Greta R. Johnson, attorney for appellant.
L. Clark Hicks, Jr., Hattiesburg, attorney for appellees.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Willie Bradley was arrested by Natchez Police Officer Spencer McAllister for driving under the influence ("DUI"). After Bradley was acquitted, he sued McAllister and the City of Natchez for personal injuries sustained during the arrest. The circuit court granted summary judgment. Bradley appeals and argues that summary judgment was improper, because there were genuine issues of material fact as to (1) whether McAllister acted with reckless disregard, and (2) whether Bradley sustained damages. We find no error and affirm.

FACTS
¶ 2. McAllister was on patrol when he spotted Bradley's car. McAllister suspected Bradley of drunk driving, so McAllister followed Bradley for a few minutes, turning on the video camera in his patrol car. McAllister stopped Bradley and asked him if he had been drinking. Bradley responded that he had two beers. McAllister conducted a field sobriety test. Afterwards, he informed Bradley he appeared to be too impaired to drive, so he was being taken to the police station for the option to take a Breathalyzer. McAllister handcuffed Bradley and placed him in the back of the patrol car.
¶ 3. McAllister and Bradley waited for approximately thirty minutes in the patrol car until Bradley's passenger could get a cab to take her home and a tow truck could take Bradley's car. The entire arrest lasted about an hour.
¶ 4. After a few minutes in the patrol car, Bradley told McAllister that the handcuffs felt too tight. McAllister said he double-locked them so they should not feel tight, but, he added, they have a tendency to twist while riding in a vehicle. Bradley responded, "Okay." For the next thirty minutes, Bradley engaged McAllister in conversation on various topics. These conversations continued when they eventually drove to the police station.
*379 ¶ 5. Bradley later was acquitted. His lawsuit for personal injuries claimed that his wrists were injured during the arrest, and he claimed damages for medical bills and lost wages.

STANDARD OF REVIEW
¶ 6. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002) (citations omitted). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. Id.

ANALYSIS

I. Was there a genuine issue of material fact as to whether McAllister acted with reckless disregard?
¶ 7. Bradley argues that there was an issue of fact as to whether McAllister acted with reckless disregard for Bradley's well-being. In particular, he points to McAllister's admission that he did not adjust the handcuffs after Bradley complained they were too tight. He also alleges that McAllister acted in reckless disregard in arresting him in the first place, since he had no valid reason to arrest him. The defendants respond that the evidence is undisputed that McAllister acted in a professional, reasonable manner at all times.
¶ 8. The Mississippi Tort Claims Act provides in part:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ... [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police ... protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]
Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2002). Reckless disregard is "a higher standard than gross negligence and `embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.'" Collins v. Tallahatchie County, 876 So.2d 284, 287(¶ 8) (Miss.2004) (quoting Turner v. City of Ruleville, 735 So.2d 226, 230(¶ 19) (Miss.1999)). The focus is not on whether the officer intended to harm the plaintiff, but "whether the officer intended to do the act that caused harm to come to the plaintiff." Turner v. City of Ruleville, 735 So.2d 226, 230(¶ 20) (Miss.1999). "In finding reckless disregard, the court must look at the totality of the circumstances" of the officer's conduct. Thomas ex rel. Thomas v. Miss. Dep't of Pub. Safety, 882 So.2d 789, 796(¶ 20) (Miss.Ct.App.2004).
¶ 9. The defendants argue that Bradley did not rely on any evidence in his response to motion for summary judgment. This is not correct. Both parties relied on McAllister's affidavit and the patrol car video of the arrest. The evidence shows that merely a few minutes after being handcuffed and placed in the back of the patrol car, Bradley complained that the cuffs were too tight. McAllister stated *380 that he had double-locked them to prevent this but that riding with cuffs in a vehicle caused the cuffs to twist. The evidence tends to show that while McAllister did not intend to put the cuffs on tightly, he was aware that they would twist and tighten once Bradley was in the vehicle and that they were in fact twisting and tightening. McAllister did not attempt to check the cuffs during the next hour that Bradley was in the vehicle.
¶ 10. Although Bradley is only heard to complain once about the cuffs being too tight, there were two occasions when McAllister left the patrol car when Bradley can be heard to be panting and breathing heavily. There are two minutes on the tape where the sound is cut off, but Bradley does not allege that he made additional complaints during this time. Other than this complaint, Bradley is heard to engage the officer in conversation on various topics. This conversation lasted until they reached the police station.
¶ 11. In City of Jackson v. Powell, 917 So.2d 59 (Miss.2005), the supreme court had occasion to examine a complaint of personal injuries sustained during arrest and whether the arrest posed a reckless disregard for the arrestee's safety. Powell was pulled over and arrested for traffic violations and possession of marijuana. Id. at 62-63 (¶¶ 4-5). He tried to escape from the patrol car. Id. at 63(¶ 5). The two officers subdued and handcuffed him, but nevertheless continued to beat and kick him. Id. at 70(¶ 41). The court held that after he was subdued and handcuffed, he was not engaged in criminal activity. Id. (¶¶ 40-41). Therefore, the question was whether the beating constituted reckless disregard. Id. at 71(¶ 44). The court went on to hold that not only was the conduct reckless disregard, but it rose to the higher level of malice. Id. at (¶ 46). Powell does not help our inquiry here, because there is no contention by Bradley that McAllister's conduct was such to rise to the level of malice.
¶ 12. The supreme court has however analyzed cases in which officers were held to have acted in reckless disregard of the safety of others in other contexts. The common thread of these cases is "that the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." City of Jackson v. Lipsey, 834 So.2d 687, 693(¶ 21) (Miss.2003) (quoting Maldonado v. Kelly, 768 So.2d 906, 910-11 (¶ 11) (Miss.2000)).
¶ 13. Viewing the evidence in the light most favorable to Bradley, we find no evidence that McAllister acted with reckless disregard. While there is evidence that McAllister was aware of the risk that the cuffs would tighten and twist once inside the car, and that he disregarded Bradley's complaint, the evidence does not show that there was an unreasonable risk of injury or a high probability of harm. The only risk of injury shown by the evidence is that of discomfort. Bradley produced no evidence to show that discomfort was an unreasonable risk, nor did he put forth evidence of any probability of a greater harm. He alleged in his complaint that he incurred medical expenses and lost wages, but no such evidence was produced. Hence, we affirm the grant of summary judgment on the basis of immunity.

II. Was there a genuine issue of material fact as to whether Bradley suffered damages?
¶ 14. Because we find the defendants are immune from this suit, we need not consider this issue.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY *381 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.