970 So.2d 225 (2007)
Lisa STEPHENS, Appellant
v.
Shannon MILLER, Appellee.
No. 2006-CA-01570-COA.
Court of Appeals of Mississippi.
December 4, 2007.
*226 Tommy Dexter Cadle and Kenneth Eugene Floyd, attorneys for appellant.
Paul Nathan Jenkins and Emily Moore Parker, Tupelo, attorneys for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. Lisa Stephens brought this action against Shannon Miller for injuries caused by Miller's four-year-old daughter, Cambria Miller. The Itawamba County Circuit Court granted summary judgment in favor of Miller. On appeal, Stephens argues that the trial court erred when it granted summary judgment on her claim of negligent supervision and that summary judgment was not proper because Stephens was an invitee. We find no error and affirm.

FACTS
¶ 2. On July 19, 2004, Miller went to Stephens's salon to get Cambria's hair cut. Afterwards, Stephens helped Miller secure Miller's children into their car seats in Miller's minivan. Cambria pushed the button that closes the van's door. The door closed and hit Stephens on her rear.
¶ 3. Stephens filed suit alleging that she was injured by Cambria's actions and that Miller owed her a duty to properly supervise her child. Miller responded to the complaint and filed a motion for summary judgment. In Stephens's response to Miller's motion, Stephens signed an affidavit that stated:
Cambria engaged the automatic door, which slammed against me and caused my injuries. Immediately upon this happening, Shannon commented to me "Cambria likes to show people how the door opens and closes, and I didn't realize she had hit the button." That while I cannot absolutely state that the foregoing quote is the exact words of Shannon Miller, they are in essence what she stated to me after my injury."
¶ 4. The circuit court granted the motion for summary judgment and dismissed Stephens' claims against Miller with prejudice. From this judgment, Stephens now appeals.

STANDARD OF REVIEW
¶ 5. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002). The evidence must be viewed in the light most favorable to the non-moving party. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. Id.

*227 ANALYSIS
I. Negligent supervision
¶ 6. Traditionally in Mississippi, parents are not liable for the tortious acts of their minor children merely because of their parental status. Williamson v. Daniels, 748 So.2d 754, 758(¶ 11) (Miss.1999). One exception to this rule is a claim for negligent supervision. Id. Under this claim, a plaintiff must establish by a preponderance of the evidence "the existence of a duty of care, a breach of that duty, proximate causation, and compensable damages." Id. at 759(¶ 14). To establish the element of duty of care, a plaintiff must show that the parents "failed to act as reasonably prudent parents based on notice of the child's propensity to do harm." Id. at 760(¶ 17). The Mississippi Supreme Court elaborated upon this by emphasizing that this "propensity to do harm" is not negligence, but it is either a criminal act or intentional tort the child has previously performed. Id. at 762(¶ 28).
¶ 7. Here, Stephens attempted to overcome Miller's motion for summary judgment with an affidavit that claimed Miller told Stephens after the accident that Cambria likes to show people how the door works. Stephens claimed that this established that Miller owed her a duty to supervise Cambria because she knew Cambria liked to close the van's door.
¶ 8. Stephens's argument is not an accurate reflection of the requirements of Williamson. Stephens has failed to come forward with evidence that established Miller knew that Cambria had a propensity to do harm to others with the van door. Id. at 760(¶ 17). This requirement cannot be established by merely showing that Cambria liked to close the door. Stephens was required to establish that Cambria had previously shut the van door on someone intentionally. Id. Because Stephens has failed to establish the necessary elements for negligent supervision, we find no error in this issue.
II. Premises liability
¶ 9. On appeal, Stephens argues for the first time that Miller owed her a duty because she was an invitee during the accident. This argument was never brought before the trial court. "[W]e need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling under the appropriate standard of review." Alexander v. Daniel, 904 So.2d 172, 183(¶ 26) (Miss.2005) Thus, we will not address Stephens's new argument on appeal.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.