976 So.2d 390 (2008)
Darin BRASEL, Appellant
v.
The HAIR COMPANY and Roffler International, LLC, Appellees.
No. 2006-CA-02148-COA.
Court of Appeals of Mississippi.
March 4, 2008.
*391 Jason Lee Shelton, attorney for appellant.
Dana Gail Deaton, Edwin Hughes Priest, Chris H. Deaton, Tupelo, attorneys for appellees.
Before MYERS, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In September 2004, Darin Brasel sued The Hair Company and Roffler International, LLC for invasion of privacy. Specifically, Brasel asserted that The Hair Company and Roffler had intentionally appropriated his likeness for commercial gain by taking photographs of him after he received a haircut at The Hair Company and by displaying those photographs on Roffler's website.
¶ 2. Prior to trial, The Hair Company and Roffler filed for summary judgment. The circuit court initially denied their motion, but after they filed a motion to reconsider, the circuit court granted summary judgment in favor of The Hair Company and Roffler in November 2006. Aggrieved, Brasel now appeals, asserting that the circuit court's grant of summary judgment was in error. Finding no error, we affirm the judgment of the circuit court.

FACTS AND PROCEDURAL HISTORY
¶ 3. Mike McBunch, owner of The Hair Company, regularly cut Brasel's hair. On one occasion, after finishing a haircut, McBunch asked Brasel if he could photograph him to use as an example of his work. Brasel consented without limitation, and McBunch took several photographs of Brasel in the foyer of his shop. Some time later, Roffler asked McBunch to submit photos of his work for use on its website. Although the exact relationship between McBunch, The Hair Company, and Roffler in this case is not made clear in the record, McBunch responded to Roffler's request by sending Roffler a collection of photographs demonstrating his work. He included photographs of Brasel in the collection he submitted to Roffler.
¶ 4. During a subsequent haircut, Brasel learned from McBunch that his photograph *392 was being used on Roffler's website. In September 2004, Brasel sued The Hair Company and Roffler for invasion of privacy. After conducting discovery, The Hair Company moved for summary judgment in May 2005. Roffler joined The Hair Company's motion for summary judgment in July 2005, and the circuit court denied the motion later that month.
¶ 5. In November 2006, after conducting over a year's worth of additional discovery, The Hair Company and Roffler filed a motion with the circuit court asking it to reconsider its earlier denial of summary judgment. That motion was granted, and the circuit court subsequently granted summary judgment to The Hair Company and Roffler. It is from that ruling that Brasel appeals.

STANDARD OF REVIEW
¶ 6. We review a lower court's grant of summary judgment de novo. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002). In reviewing a grant of summary judgment, we view the evidence in the light most favorable to the non-moving party, and examine all evidentiary matters before the lower court at the time the judgment was granted. Id. at 1177(¶ 9). If no genuine issue of material fact exists upon review, then a grant of summary judgment in favor of the moving party is appropriate. Id.

DISCUSSION
¶ 7. Brasel sued for invasion of privacy, specifically, the appropriation of his likeness for a commercial purpose. Four theories are recognized for the tort of invasion of privacy. These are: "(1) the intentional intrusion upon the solitude or seclusion of another; (2) the appropriation of another's identity for an unpermitted use, (3) the public disclosure of private facts, and (4) holding another to the public eye in a false light." Candebat v. Flanagan, 487 So.2d 207, 209 (Miss.1986) (citing Deaton v. Delta Democrat Publ'g Co., 326 So.2d 471, 473 (Miss.1976)). In order to prevail on a claim based on appropriation of one's likeness for commercial gain, a plaintiff must show that the defendant: (1) appropriated his name or likeness, (2) without consent, (3) for use in a commercial enterprise. Harbin v. Jennings, 734 So.2d 269, 272 (¶ 10) (Miss.Ct.App.1999) (citing Candebat, 487 So.2d at 209).
¶ 8. In this case, Brasel consented to being photographed by McBunch without placing any limitations on how McBunch could use the photographs. These facts alone are enough to defeat Brasel's claim for relief and to support a grant of summary judgment, because Brasel fails to satisfy the last two elements of his claim that the pictures were taken without his consent and for an unpermitted use. Under these facts, The Hair Company, by and through McBunch, obtained permission to use the photographs however they saw fit, including sending them to Roffler for display on its website. Accordingly, we affirm the judgment of the circuit court granting summary judgment in favor of The Hair Company and Roffler.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.