980 So.2d 314 (2008)
Cody W. WATERS and Kacee T. Waters, Appellant
v.
Albert ALLEGUE, Appellee.
No. 2006-CA-01975-COA.
Court of Appeals of Mississippi.
March 25, 2008.
*316 Calvin D. Taylor, attorney for appellants.
Patrick R. Buchanan, W. Fred Hornsby, Pascagoula, attorneys for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. Cody and Kacee Waters brought a claim for fraudulent misrepresentation against Albert Allegue. The circuit court granted summary judgment in favor of Allegue. On appeal, the Waters argue that Allegue owed a duty to disclose all material facts that adversely affected the property value and that the trial court erred in granting summary judgment to the defendants.

FACTS
¶ 2. After Hurricane Katrina, the Waters sought to purchase a home on the Mississippi Gulf Coast. They found a house that they wanted to buy. The sellers of this house, Manuel and Lisa Pina, used Allegue as their real estate agent. The sellers and Allegue marketed the house as having 3,000 square feet. The Waters and the Pinas entered into a contract for the sale of the house. The disclosure statement stated that the house had 3,000 square feet, and the contract for sale also stated that the house contained 3,000 square feet.
¶ 3. Before closing on the house, the Waters learned that the house did not have 3,000 square feet; but instead, the size of the house was somewhere between 2,500 to 2,580 square feet. Camille Thomas and Jack Thomas, two independent appraisers hired by the bank involved in this transaction, informed Cody Waters that the house had less than 3,000 square feet. Cody Waters asked the Thomases to measure the house again. They did. Once again, the Thomases told Cody Waters that the house had under 3,000 square feet.
¶ 4. The Waters attempted to renegotiate the price with the Pinas, but the Pinas would not lower their price. Instead, they offered to let the Waters out of the contract. The Waters chose not to get out of the contract and closed on the house, without pursuing any pre-closing remedies regarding the discrepancy in square footage.
*317 ¶ 5. A few months later, the Waters filed this action after they learned that Allegue's wife was the agent for the Pinas when they originally purchased the house.

STANDARD OF REVIEW
¶ 6. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one version of the matter in issue, and another says the opposite. Id.

ANALYSIS
I. Did Allegue owe a duty to the Waters to disclose all material facts that adversely affected the property value?
¶ 7. The Waters argue that Allegue should have told them that the house was not 3,000 square feet in size because they owed him a duty to disclose such information. The Waters' brief on this issue is short and is quoted in full:
Mississippi law recognizes that a broker has a duty to make disclosures of any information that adversely affects the value of the property that the broker is listing. Miss.Code Ann. § 511. All disclosures are required to be made in "good faith." "[G]ood faith means honesty in fact in the conduct of the transaction." Id. Mississippi law also provides that "any person who willfully or negligently violates or fails to perform any duty . . . shall be liable in the amount of actual damages suffered by a transferee." Miss.Code A. § 523. See also Lane v. Oustalet, 850 So.2d 1143 (Miss.App.2002) (finding that a broker may be held liable to a purchaser of real property for failing to disclose that the property had suffered damage due to termite infestation); Lee Hawkins Realty, Inc. v. Moss, 724 So.2d 1116 (Miss.App.1998)(finding that broker has duty to deal honestly in its dealings with purchasers of real property).
The problem with this argument is that it contains a number of incorrect and improper citations. More importantly, the Waters do not even attempt to argue how these cases or statutes (if we could figure out which statute is cited) apply to the current case.
¶ 8. The Mississippi Supreme Court has held, "[f]ailure to cite relevant authority obviates the appellate court's obligation to review such issues." Taylor v. State, 754 So.2d 598, 604(¶ 12) (Miss.Ct.App.2000); Dozier v. State, 247 Miss. 850, 157 So.2d 798, 799 (1963). Thus, we will not address the Waters' first assignment of error.
II. Did the circuit court err in granting summary judgment?
¶ 9. The Waters also argue that the trial court erred when it granted summary judgment on all of the claims asserted. The Waters claim that there are genuine issues of material fact in dispute. Thus, they argue that the motion for summary judgment should not have been granted.
¶ 10. The Waters' first claim asserted was for fraud. To establish fraud, the plaintiff must prove the following elements by clear and convincing evidence:

*318 (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.
Levens v. Campbell, 733 So.2d 753, 761-62(¶ 35) (Miss.1999). The motion for summary judgment offered evidence presented through the affidavits of two independent appraisers. The appraisers testified that Cody Waters knew that the subject house contained less than 3,000 square feet before the closing. Cody Waters even admitted that "prior to the closing/purchase of the subject residence a potential square footage discrepancy had been communicated to [the Waters] by the home appraiser."
¶ 11. Indeed, the circuit court correctly concluded that there were not genuine issues of a material fact in dispute and that Allegue was entitled to a judgment as a matter of law. Because the Waters were aware, before the closing, that the house did not contain 3,000 square feet, they cannot claim that they were not aware of the falsity of any such statement claiming that the house did contain 3,000 square feet. Also, having learned that Allegue's statement was false before the closing took place, it indicates that the Waters did not rely on the truth of this statement and did not have a right to rely on the truth of such statement. Id. Summary judgment was appropriate on the Waters' claim of fraud.
¶ 12. The Waters' second claim asserted was for negligent misrepresentation. To establish a claim for negligent misrepresentation, the plaintiff must establish the following elements:
(1) a misrepresentation or omission of a fact;(2) that the representation or omission is material or significant; (3) that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the plaintiff reasonably relied on the defendant's representations; and (5) that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance.
Skrmetta v. Bayview Yacht Club, Inc., 806 So.2d 1120, 1124(¶ 13) (Miss.2002). Again, the circuit court was correct to grant summary judgment on this claim because the Waters cannot establish that they reasonably relied on Allegue's statement. The evidence indicated that Waters knew the house was not 3,000 square feet. Hence, they cannot reasonably rely on any negligent misrepresentation Allegue may have made regarding the house being 3,000 square feet. Summary judgment was appropriate on the claim of negligent misrepresentation.
¶ 13. The Waters' third claim asserted was for negligent infliction of emotional distress. A plaintiff may not recover for a claim of negligent infliction of emotional distress without showing that he or she suffered a physical injury. Wilson v. GMAC, 883 So.2d 56, 65(¶ 29) (Miss. 2004). The Waters have neither alleged nor shown that they suffered physical injury because they purchased the house. Summary judgment was appropriate on the claim of negligent infliction of emotional distress.
¶ 14. The Waters' final claim asserted was for intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, the plaintiff must show that the defendant through "extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another. . . ." Peoples *319 Bank & Trust Co. v. Cermack, 658 So.2d 1352, 1365 (Miss.1995) (quoting Restatement (Second) of Torts § 46 (1966)). The Waterses knew the house did not contain 3,000 square feet when they purchased and closed on the house. Thus, Allegue could not have caused them emotional distress because they knew the house was not 3,000 square feet in size when they closed on it, and they did not have to purchase the house. Summary judgment was appropriate on the claim for intentional infliction of emotional distress.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.