911 So.2d 619 (2005)
Lillian GRAMMAR, Appellant
v.
Ralph DOLLAR and Kathryn Dollar, Appellees.
No. 2004-CA-01376-COA.
Court of Appeals of Mississippi.
September 13, 2005.
*621 William Preston Knight, attorney for appellant.
Paul Nathan Jenkins, B. Wayne Williams, Tupelo, attorneys for appellees.
Before BRIDGES, P.J., GRIFFIS, and BARNES, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On August 1, 2002, Lillian Grammar filed a claim of negligence against Ralph and Kathryn Dollar in the Circuit Court of Lowndes County. Specifically, Grammar claimed that while in the Dollars' home on March 22, 2002, acting in her capacity as their housekeeper, she slipped on a wet linoleum floor in the master bathroom, and the resulting fall shattered her kneecap. Grammar has worked at the Dollars' residence as a housekeeper for approximately nine years. Grammar does not have health insurance and has incurred an extensive amount of medical bills from the time of the injury.
¶ 2. On January 16, 2004, the Dollars filed a motion for summary judgment, which was followed by Grammar's own motion for partial summary judgment. After hearing argument of the parties, the trial court granted summary judgment for the Dollars and subsequently entered a final judgment of dismissal with prejudice on June 21, 2004.
¶ 3. Aggrieved by the judgment, Grammar has effectuated this appeal and now presents, for this Court to review, the following issue:
I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN GRANTING THE DOLLARS' MOTION FOR SUMMARY JUDGMENT?
Finding no such error, we affirm.

LAW AND ANALYSIS
¶ 4. The standard of review by which an appellate court reviews the grant or denial *622 of a motion for summary judgment under Rule 56(c) of the Mississippi Rules of Civil Procedure is de novo. McMillan v. Rodriguez, 823 So.2d 1173, 1177(¶ 9) (Miss.2002). In accordance with this standard, this Court must examine all evidentiary matters before it, and the evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. Therefore, the non-movant is given the benefit of any doubt, and the movant maintains the burden of demonstrating that no genuine issue of material fact exists. Id. If, upon viewing the evidence in this light, no genuine issue of material fact can be found, and the moving party is entitled to judgment as a matter of law, summary judgment should be granted. Id. Otherwise, the motion should be denied. Id.
¶ 5. Grammar maintains that her relationship with the Dollars was that of either an invitee or employee. She argues that the disputed classification concerns a genuine issue of material fact, thereby demanding the order of summary judgment be reversed. Conversely, the Dollars claim that Grammar's relationship with them was that of an independent contractor, or in the alternative, a social guest. They argue that summary judgment was proper, regardless of Grammar's status, because she failed to present any evidence demonstrating they breached any duty that they might have owed her.
¶ 6. According to the Mississippi Supreme Court, determining "which status a particular plaintiff holds can be a jury question, but where the facts are not in dispute the classification becomes a question of law for the trial judge." Adams ex rel. Adams v. Fred's Dollar Store of Batesville, 497 So.2d 1097, 1100 (Miss.1986) (citations omitted). In the case sub judice, the parties clearly disagree as to what status Grammar holds; however, there is no such disagreement as to the underlying facts on which such determination could be based. Consequently, the inconclusiveness of Grammar's status is no basis for reversing summary judgment in the absence of disputed facts. Gray v. Abs Global, Inc., 850 So.2d 180, 185(¶ 17) (Miss.Ct.App. 2003).
¶ 7. An independent contractor, as adopted by the courts, is defined as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." Texas Co. v. Mills, 171 Miss. 231, 243, 156 So. 866, 869 (1934) (citing Restatement (First) of Agency § 2 (1933)); Gray, 850 So.2d at 184 (¶ 14). An employer is under a duty to provide an independent contractor with a reasonably safe work environment or give warning of danger. Mississippi Chemical Corp. v. Rogers, 368 So.2d 220, 222 (Miss.1979). An employer is relieved of the duty of informing an independent contractor of a danger at the work site if the independent contractor knows of that danger. Id.
¶ 8. As an exception to the general rule requiring the owner or occupier of premises to furnish a safe place of work to an independent contractor and employees thereof, the owner or occupier is under no duty to protect them against risks arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair. Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 271 (Miss.1970). Additionally, the owner is not liable for death or injury of an independent contractor or one of his employees resulting from dangers which the contractor, as an expert, has known, or as to which he and his employees "assumed the risk." Id. Furthermore, when a danger *623 exists, which is inherent to the work the independent contractor is employed to perform, or which arises from or is intimately connected with the work to be performed, the employer's duty to protect the contractor is absolved. Coho Resources Inc. v. McCarthy, 829 So.2d 1, 10-11 (¶¶ 20-21) (Miss.2002). Additionally, the premises owner's liability is limited by the extent to which he has "devolved upon the contractor the right and fact of control of the premises and the nature of the work." Magee v. Transcontinental Gas Pipe Line Corp., 551 So.2d 182, 185 (Miss.1989).
¶ 9. When determining whether an individual acting for another is an "employee" or "independent contractor," the Mississippi Supreme Court has consistently expressed the need to consider a variety of facts, which include: (a) the extent of control exercised by the employer over the details of the work; (b) whether the one employed is engaged in a distinct occupation or business; (c) the skill required in the particular occupation; (d) whether the employer or workman supplies the instrumentalities, tools, and place of work; (e) the length of time for which the person is employed; (f) the method of payment, i.e., whether by the time or by the job; and (g) whether the work is part of the regular business of the employer. MESC v. Plumbing Wholesale Co., 219 Miss. 724, 732, 69 So.2d 814, 818 (1954), Estate of Dulaney v. Miss. Employment Sec. Comm'n, 805 So.2d 643, 646(¶ 13) (Miss. Ct.App.2002). Additionally, whether an individual is an employee or independent contractor depends on the facts, not someone's summary characterization of the relationship. Gray, 850 So.2d at 183(¶ 11).
¶ 10. Facts in the record supporting the Dollars' assertion that their relationship with Grammar was that of an independent contractor are as follows: (1) Although the Dollars might direct Grammar as to what task to perform, they did not control the manner in which Grammar was to perform the task; (2) In regards to her job, Grammar claims to be housekeeper or maid, and considering the basic duties that accompany such position, it likely constitutes a distinct occupation; (3) Grammar's job required only minimal skill; (4) Grammar worked many years for the Dollars, providing her services only one day per week while so employed; (5) Grammar did not work for the Dollars exclusively, performing these same services for Sandra Smith, whose house she cleaned one day a week for approximately four years, from 1998 to 2002; (6) Grammar was not compensated according to how many hours she would work, for the Dollars simply paid her $45 after completing her tasks on each day that she worked; and (7) Grammar's job was not part of the Dollars' regular business.
¶ 11. A duty inherent with Grammar's work as a housekeeper includes cleaning up spills. Grammar claims there was water on the floor of the Dollars' bathroom. Although being a person who is specifically skilled in cleaning, the exact danger she complains of is one for which she should have been aware. By the very nature of her work, Grammar is expected to anticipate situations of this kind, and not only is she expected to anticipate these types of situations, but it is her responsibility, as a house cleaner, to remedy such situations. Therefore, because the alleged water was intimately connected with the work for which Grammar was hired, the duty of the Dollars to warn her was excused or released, and the Dollars should not be held liable for Grammar's own carelessness.
¶ 12. As previously mentioned, Grammar contends that she was not in fact an independent contractor, and maintains that her relationship with the Dollars was *624 that of either an invitee or employee. A business invitee is defined as someone who enters onto another's premises at the invitation of the owner for the purpose of benefitting both parties. Ball v. Dominion Ins. Corp., 794 So.2d 271, 273(¶ 9) (Miss.Ct.App.2001). The duty owed to an invitee is of a higher standard, in that the occupant or owner has a duty to warn the invitee of dangerous conditions if they are not readily apparent, of which the occupant knows or should reasonably know through the exercise of reasonable care. Anderson v. B.H. Acquisition Inc., 771 So.2d 914, 918 (¶ 7) (Miss.2000). In order for an invitee to recover in a slip-and-fall case, the invitee must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition. Id. at (¶ 8). Conversely, a social guest is a licensee or one who enters the property of another for his own benefit, pleasure, or convenience and with the implied permission of the owner. Sharp v. Odom, 743 So.2d 425, 429(¶ 5) (Miss.1999). The duty owed to a licensee or social guest is to refrain from willfully or wantonly injuring the guest. Id. The basis of the inviter's liability for injuries sustained by the invitee on the premises rests on the owner's superior knowledge of the danger, and thus, as a general rule, he is not liable for an injury to an invitee resulting from a danger which was known to the invitee, was obvious or should have been observed by the invitee in the exercise of reasonable care, from a condition which was as well known or as obvious to the invitee as to the inviter, or from a danger which the invitee should reasonably have appreciated before exposing himself to it, or which the inviter had no reason to believe would not be discovered by the invitee. Jackson Ready-Mix Concrete, 235 So.2d at 270. Furthermore, there is no duty to warn the invitee of a defect or danger which is known to him or which is as well-known to the invitee as to the owner or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care. Id.
¶ 13. Facts in the record, viewed in the light most favorable to Grammar, that she came to the Dollar's home to help put away wedding gifts, support Grammar's proposition that she was an invitee. The Mississippi Supreme Court has held that a visitor may be an invitee where he comes to the home of the occupant, not for business purposes, but for the occupant's benefit. Pinnell v. Bates, 838 So.2d 198, 202 (¶ 15) (Miss.2002). In Pinnell, Pinnell paid a visit to the occupant's home where she helped unpack boxes and clean the house, and sustained serious injuries from falling as she left the home. The Mississippi Supreme Court reversed summary judgment having found that "Pinnell, once on the premises, performed services for Bate's benefit, and a jury question was created as to the issue of whether she was an invitee or a licensee." Id. at 202 (¶ 16). However, the facts in the case sub judice reveal that Grammar gave conflicting testimony in her deposition taken on December 18, 2002, and in a previously recorded interview concerning the reason why she was at the Dollar's home on the day of injury. In the original interview on March 29, 2002, Grammar claims to have been at the residence as a friend, and further claims that she had not worked for the Dollars in years. However, Grammar admits to have been at the residence to work on the day of injury in her deposition. Furthermore, when deposed in December 2002, Grammar admitted to the fact that *625 Mrs. Dollar told her she had taken a bath in the bathroom in which Grammar slipped, prior to her fall, and thus Grammar should have been aware of the potential water in the bathroom in her exercise of reasonable care in the Dollars' home.
¶ 14. We conclude, however, that Grammar's classification is inconsequential to the outcome of the case because regardless of whether Grammar was an independent contractor, employee, or invitee, she presented no evidence demonstrating that the Dollars breached any duty they might have owed to her. If Grammar was an independent contractor, there is no evidence demonstrating that the Dollars failed to provide her with a reasonably safe work environment or to warn her of any danger on the premises. Additionally, the water on the floor was inherent to her work as an independent contractor, thus absolving the Dollars' duty to protect her from danger. Rogers, 368 So.2d at 222; Coho Resources, 829 So.2d at 10-11 (¶¶ 20-21). Likewise, if Grammar was an employee, there is no evidence to support the proposition that the Dollars breached their duty to furnish her with a safe place to work. Coho at 10-11 (¶¶ 20-21); Ness Creameries v. Barthes, 170 Miss. 865, 868, 155 So. 222 (1934). Even if we accept Grammar's proposition that she is an invitee, despite conflicting testimony regarding the status, there is no evidence demonstrating that the Dollars failed to exercise ordinary care to maintain the premises in a reasonably safe condition, or that the Dollars failed to warn her of a dangerous condition, not readily apparent, of which the Dollars knew, or should have known. Anderson, 771 So.2d at 918(¶ 7) (Miss. 2000); Jackson Ready-Mix Concrete, 235 So.2d at 270. In the absence of such evidence, summary judgment was proper.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.