916 So.2d 546 (2005)
Lloyd RATCLIFF, Appellant
v.
GEORGIA PACIFIC CORPORATION and Charles Tasma, Appellees.
No. 2004-CA-02028-COA.
Court of Appeals of Mississippi.
December 13, 2005.
*547 Larry O. Norris, John D. Smallwood, Hattiesburg, attorneys for appellant.
Joe Sam Owen, Gulfport, attorney for appellees.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Lloyd Ratcliff filed suit against Georgia Pacific Corporation and Charles Tasma due to injuries sustained while covering a load of particle board at the Georgia Pacific plant in Taylorsville, Mississippi. Georgia Pacific and Tasma filed separate motions for summary judgment. After a hearing on the motions, the Circuit Court of Jones County granted each motion for summary judgment. Aggrieved by the judgment against him, Ratcliff appealed. He now raises four assignments of error. Finding no error, we affirm.

FACTS
¶ 2. On August 29, 1999, Ratcliff went to the Georgia Pacific plant in Taylorsville, Mississippi to pick up a load of particle board for his employer, Mike Barnes Trucking Company (Mike Barnes Trucking). There was no contract between Mike Barnes Trucking and Georgia Pacific, other than the bill of lading. The bill of lading instructed that the load "must be protected from weather."
¶ 3. Georgia Pacific provided Ratcliff with clear plastic and tarpaulin to cover the load, and Mike Barnes Trucking provided straps to secure the clear plastic and the tarpaulin. While spreading the tarpaulin over the load on the date at issue, Ratcliff fell from the top of the load to the concrete below and injured his left ankle. Ratcliff was securing the load by himself and was the only witness to the accident. As a result of his injuries, Ratcliff underwent seven surgeries. Ratcliff later testified he had covered similar Georgia Pacific loads with the clear plastic and tarpaulin on more than twenty prior occasions.
¶ 4. On December 26, 2001, Ratcliff filed suit in Jones County, Mississippi against Georgia Pacific and Charles Tasma (Appellees), the Taylorsville plant manager. *548 Ratcliff argued that the Appellees negligently required him to climb on top of the particle board, and negligently required him to cover the load with "slippery" clear plastic tarpaulin without providing a safety harness. Ratcliff further argued that the Appellees were negligent for failing to provide him with a safe working environment and for failing to promulgate reasonable rules and regulations regarding the tarping of particle board.
¶ 5. On February 28, 2002, the Appellees moved for additional time to respond to the complaint. The circuit court granted the Appellees an additional twenty days to respond on March 12, 2002. The Appellees then removed the action to United States district court, alleging the fraudulent joinder of Tasma. Ratcliff moved to remand, arguing that the Appellees removal was untimely pursuant to 28 U.S.C. § 1446(b). The district court granted Ratcliff's motion to remand on January 24, 2003.
¶ 6. Discovery proceeded after the case was remanded to circuit court. On November 12, 2003, the Appellees filed a motion for leave to file a third party complaint against Mike Barnes Trucking, and on the following day, the Appellees filed a motion to compel the joinder of Mike Barnes Trucking. The matter was then set for trial, continued twice, and reset for November 29, 2004. The Appellees filed separate motions for summary judgment on May 21, 2004. On June 16, 2004, Ratcliff filed responses to both motions for summary judgment.
¶ 7. A hearing on the motions for summary judgment was held on July 26, 2004. On September 20, 2004, the Circuit Court of Jones County entered an order and final judgment, granting both motions for summary judgment. Ratcliff filed a timely notice of appeal. He now asserts the following: (1) Georgia Pacific owed a duty of care to Ratcliff, an employee of an independent contractor, and Georgia Pacific breached that duty for which granting of summary judgment was error; (2) the trial court committed error in finding that Georgia Pacific had no control over Ratcliff in covering the load; (3) the trial court committed error in finding that an "open and obvious danger" and/or "knowledge of the danger" exceptions absolves Georgia Pacific and Tasma of liability; and (3) the trial court committed error in granting summary judgment to Tasma.

STANDARD OF REVIEW
¶ 8. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Mississippi, Inc., 908 So.2d 181, 183(4 ¶) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶19) (Miss.1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Medical Center, 790 So.2d 903, 906-07(¶3) (Miss. Ct.App.2001)). This Court conducts a de novo review of the entire record to determine whether any genuine issues of material fact exist. Id. at 184(¶ 4) (citing Dailey, 790 So.2d at 907). The evidence must be viewed in the light most favorable to the non-moving party. Id.

ISSUES AND ANALYSIS

I. Whether the trial court committed error in granting summary judgment because Georgia Pacific owed a duty of care to Ratcliff, an employee of an independent contractor, and Georgia Pacific breached that duty.
¶ 9. Ratcliff asserts that he was an employee of an independent contractor, *549 and maintains that the Appellees owed him a duty of reasonable care for his safety on their premises. In the same breath, however, Ratcliff also asserts that the Appellees owed him this duty because he was a business invitee. A business invitee is defined as one who enters the premises "at the owner's invitation to pursue a matter of mutual advantage." Ball v. Dominion Ins. Corp., 794 So.2d 271, 273(¶ 9) (Miss. Ct.App.2001) (citing Hoffman v. Planters Gin Company, Inc., 358 So.2d 1008, 1011 (Miss.1978)). On the other hand, an independent contractor is defined as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." Gray v. Abs Global, Inc., 850 So.2d 180, 184(¶ 14) (Miss.Ct.App.2003). Under the facts, and in light of Ratcliff's admission, it is apparent that Ratcliff was the employee of an independent contractor, and not a business invitee.
¶ 10. The general rule is that an owner has a duty to furnish the employees of an independent contractor with a "reasonably safe place to work or give warning of danger." Mississippi Chemical Corp. v. Rogers, 368 So.2d 220, 222 (Miss.1979) (citing Mississippi Power Co. v. Brooks, 309 So.2d 863 (Miss.1975)). However, the owner is relieved of his duty to give warning to the independent contractor or his employees if the independent contractor is aware of the danger. Id. (citing Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 270 (Miss.1970)). Moreover, the owner has no duty to protect the independent contractor or his employees from dangers arising out of or intimately connected with the work to be performed by the independent contractor. Coho Resources Inc. v. McCarthy, 829 So.2d 1, 11(¶ 21) (Miss. 2002) (citing Magee v. Trans Continental Pipeline Corp., 551 So.2d 182, 185 (Miss. 1989)).
¶ 11. The danger posed to Ratcliff arose out of or was intimately connected with his duties as a truck driver for Mike Barnes Trucking. Protecting the load from the weather was a contract provision agreed to by Mike Barnes Trucking, as evidenced by the bill of lading. Furthermore, Ratcliff's injury occurred when he fell from the flatbed truck that he drove for Mike Barnes Trucking. The Appellees merely provided the load and the material to be used to cover it. The Appellees did not, however, direct Ratcliff as to his method for covering and securing the load. In fact, Mike Barnes Trucking provided Ratcliff with the straps to secure the clear plastic and the tarpaulin. Moreover, the Appellees did not assist or oversee Ratcliff as he attempted to secure the load, as Ratcliff was alone when the injury occurred.
¶ 12. Ratcliff testified that he covered and secured similar loads with the clear plastic on at least twenty prior occasions. According to Ratcliff, the clear plastic was slippery on prior occasions, but he did not slip. Ratcliff further testified that on the date of his injury the clear plastic was not wet or moist or different in any way than the clear plastic he previously secured. Thus, Ratcliff admitted that had knowledge of the condition, i.e., that the clear plastic material was slippery.
¶ 13. Ratcliff's knowledge that the clear plastic material was slippery and his experience securing loads with that material relieved the Appellees of any duty to warn. Furthermore, the risk that Ratcliff could injure himself while securing a load to his employer's truck was intimately connected, or inherent, to the work Mike Barnes Trucking contracted to perform. Thus, we find that the Appellees owed no duty to Ratcliff and summary judgment was appropriate *550 in this case. This issue is without merit. It is therefore unnecessary to address the remaining issues presented by Ratcliff.
¶ 14. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.