KING, C.J.,
for the Court.
¶ 1. Ora Mae Ballard appeals the Nox-ubee Circuit Court’s grant of summary judgment in favor of James Watkins, Individually d/b/a Village Center (Watkins). Because we find that Ballard failed to present any evidence of Watkins’ direct or constructive knowledge of the presence of an allegedly dangerous condition on his property, we affirm the circuit court’s grant of summary judgment.
FACTS
¶ 2. On March 19, 2000, Ballard accompanied her daughter and two granddaughters to a laundromat owned by Watkins. Ballard emerged from the back seat of her daughter’s vehicle carrying a basket of clothes, took two steps, and on the third step tripped on a soft drink can and fell to the ground. The only witnesses to the fall were Ballard and her two young granddaughters. Ballard was taken to the emergency room where it was determined that she had broken her left arm near the wrist and elbow. Watkins claimed that he was not informed of the accident until sometime in November of 2000, when he was contacted by his insurance company.
¶ 3. On November 29, 2000, Ballard filed a premises liability complaint against Watkins. Depositions were taken from Ballard, Watkins, and Watkins’ employee whose primary job duty it was to pick up debris outside of the laundromat. On March 16, 2004, the trial court entered summary judgment in favor of Watkins, finding that Ballard wholly failed to present any proof regarding how long the soft drink can had been in the parking lot, or that Watkins had constructive knowledge of the can’s presence in the parking lot.
ANALYSIS
¶4. This Court reviews summary judgment orders de novo. Grammar v. Dollar, 911 So.2d 619, 622(¶ 4) (Miss.Ct.App.2005). We review the evidence in the light most favorable to the party against whom the motion was made. Id. The burden of showing that no genuine issue of material fact exists lies with the moving party. Id. However, both parties maintain burdens of production which parallel their respective burdens of proof at trial. Watson v. Johnson, 848 So.2d 873, 877(¶ 13) (Miss.Ct.App.2002).
¶ 5. Ballard went to the laundromat as a patron, and is therefore considered a business invitee for purposes of a premises liability analysis. Ratcliff v. Georgia Pac. Corp., 916 So.2d 546, 549(¶ 9) (Miss.Ct.App.2005). Every property owner owes to invitees a duty of reasonable care in keeping his premises in a reasonably safe condition, or otherwise to warn invitees of unobvious dangerous conditions of which the owner knows or should know. Robinson v. Ratliff, 757 So.2d 1098, 1101(¶ 8) (Miss.Ct.App.2000) (citing Fulton v. Robinson Ind., 664 So.2d 170, 175 (Miss. *300 1995)). In order for an invitee to recover in a slip-and-fall case, the plaintiff must:
(1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.
Grammar, 911 So.2d at 624(¶ 12) (citing Anderson v. B.H. Acquisition Inc., 771 So.2d 914, 918(¶ 8) (Miss.2000)). In the present case, Ballard did not allege that Watkins committed a negligent act that resulted in her injuries, nor that Watkins had actual knowledge of the soda can’s existence in the parking lot. Therefore, the question is whether Ballard raised a genuine issue of material fact as to whether Watkins had constructive knowledge of the soda can’s presence. Before reaching that question, we note that a soda can or similar debris in a parking lot is not a dangerous condition per se, but could be considered a dangerous condition depending on the circumstances. Although a business owner must keep his premises in a reasonably safe condition or warn of hidden perils, invitees are still charged with exercising ordinary care with regard to their own safety. Robinson, 757 So.2d at 1102(¶ 12). In the case sub judice, Ballard testified that she was not looking where she was walking. Nevertheless, we proceed with a constructive knowledge analysis.
¶ 6. Constructive knowledge exists where a dangerous condition exists for such a length of time that an owner exercising reasonable care should be alerted to its presence. Anderson, 771 So.2d at 918 (citing Drennan v. Kroger Co., 672 So.2d 1168, 1170 (Miss.1996)). Since Ballard presented no direct nor circumstantial evidence as to the length of time the drink can had been in the parking lot, there was no genuine issue of material fact that Watkins had constructive knowledge of the can’s presence. Since Ballard failed to bring forth any evidence on a required element of her claim, the trial court was correct in finding that no genuine issue of material fact exited.
¶ 7. THE JUDGMENT OF THE NOX-UBEE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.