962 So.2d 64 (2007)
Arthur BOULDIN, Appellant
v.
LIPSCOMB OIL COMPANY, Appellee.
No. 2005-CA-00685-COA.
Court of Appeals of Mississippi.
March 20, 2007.
Rehearing Denied August 7, 2007.
*65 Jonathan B. Fairbank, attorney for appellant.
Jason Hood Strong, J. Wyatt Hazard, Jackson, attorneys for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Arthur Bouldin filed a premises liability action in the Circuit Court of Madison County, Mississippi, alleging he was injured while pumping gas at a service station owned by Lipscomb Oil Company. The trial court granted Lipscomb Oil's motion for summary judgment. While Bouldin raises several issues on appeal, the core issue is whether there existed material evidence of a disputed issue so as to preclude summary judgment. Finding no error, we affirm the trial court's grant of summary judgment.

FACTS AND PROCEDURAL HISTORY
¶ 2. On March 10, 1999, Arthur Bouldin drove to Exxon Station No. 35 in Gluckstadt, Mississippi, to purchase gas. Lipscomb Oil Company owned and operated this gas station. Bouldin positioned the gas hose to fill the car's tank when gas came out of the nozzle, hitting him in the face, neck, and chest areas. According to Bouldin, while he never activated the gas nozzle by depressing the hose's "trigger," the gas released unexpectedly.
¶ 3. On September 11, 2000, Bouldin filed a premises liability action against Lipscomb Oil Company in the Madison County Circuit Court. Bouldin argued that gas discharging from the hose was a defect in the gas station premises, and Lipscomb Oil Company should have either warned the customers of or corrected the defect. Lipscomb Oil Company moved for summary judgment on June 22, 2004, on the basis that the accident could not have occurred as Bouldin alleged. Lipscomb Oil Company argued it had no notice of any gas pump defect before Bouldin's accident, eliminating an essential element for the premises liability claim.
¶ 4. In support of the motion, Lipscomb Oil Company offered the affidavits of Sharon Bridgeman, store manager of the gas station, and Scotty Smith, a service technician for a gas equipment manufacturer. Bridgeman testified she was on duty at the time of Bouldin's accident and, although she did not witness the event, she did survey the pump when Bouldin reported the incident. By the time Bridgeman arrived at the pump, another customer had *66 reactivated it for use and that pump continued to be used without incident. Bridgeman was not aware of any instances where gasoline dispensed through the nozzle without the hose's trigger being activated. Scotty Smith's affidavit described the mechanics of the gas pump, and as an expert, refuted the possibility the incident occurred as Bouldin described.
¶ 5. Bouldin introduced the affidavit of Sherry Bouldin, his daughter-in-law, in an effort to establish the existence of a disputed issue of material fact. Sherry Bouldin described an incident, in February 1999, where a gas pump at Exxon No. 35 failed to stop automatically after her car's tank became full. As a result, her clothes were soiled when gas spilled on them. Bouldin argued the affidavit created a disputed issue concerning whether Lipscomb Oil Company knew or should have known about a dangerous condition on its premises.
¶ 6. On August 9, 2004, the trial court heard oral arguments on the motion for summary judgment. Although the court announced it was inclined to grant summary judgment in favor of Lipscomb Oil Company because Sherry Bouldin's affidavit was insufficient evidence of notice, the case was continued and scheduled for trial on August 30, so Bouldin could obtain a rebuttal expert to testify the gasoline pump was not working sufficiently. A trial was not held because Bouldin was unable to secure an expert. The court granted summary judgment, on behalf of Lipscomb Oil Company, on August 30, 2004. This appeal follows.

STANDARD OF REVIEW
¶ 7. Appellate courts review summary judgment orders de novo. Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 181(¶ 4) (Miss.Ct.App.2005). The Court will examine all orders granting or denying summary judgment, as well as all evidence, pleadings, interrogatories, depositions, and affidavits before the Court in the light most favorable to the non-moving party. Dailey v. Methodist Med. Ctr., 790 So.2d 903, 907(¶ 3) (Miss.Ct.App.2001). To survive a grant of summary judgment, the non-moving party must establish that a genuine issue of material fact exists by the means available under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id.

ANALYSIS
¶ 8. Bouldin entered Exxon No. 35 as a business patron and is therefore considered a business invitee for the purposes of a premises liability analysis. See Ratcliff v. Ga. Pac. Corp., 916 So.2d 546, 549(¶ 9) (Miss.Ct.App.2005). Under Mississippi law, business operators owe invitees a duty to keep the premises reasonably safe from obvious dangers and to warn of hidden dangers not readily apparent to invitees. Rod v. Home Depot USA, Inc., 931 So.2d 692, 694(¶ 10) (Miss.Ct.App. 2006). In order to recover under premises liability, invitees do not have to prove that the business operator had knowledge of the dangerous condition if the dangerous condition is traceable to the business operators' negligence. Anderson v. B. H Acquisition, Inc., 771 So.2d 914, 918(¶ 7) (Miss.2000). If a third party is responsible for the dangerous condition, the invitee is required to show the business operator had actual or constructive knowledge of the dangerous condition. Id.
¶ 9. Bouldin argues that gas discharging from the hose was a defect in the gas station premises and Lipscomb Oil Company should have either warned Bouldin or corrected the defect. Bouldin asserts that Sherry Bouldin's affidavit is proof that Lipscomb Oil Company knew or should have known that the gas station's pumps were defective and created a dangerous *67 condition on the premises. Sherry Bouldin's affidavit reads as follows:
1. My name is Sherry Bouldin, and I am an adult resident citizen of Madison County, Mississippi.
2. That on or about late February, 1999, I stopped at the Exxon No. 35 on Gluckstadt Road to purchase gasoline.
3. I placed the nozzle from the gas pump into the gas tank receptacle on my car, and began to pump. However, when the gas tank in my car became full, the gas pump failed to turn off as it normally did, and gas spewed all over the place, soiling my clothes.
s/ Sherry Bouldin.
¶ 10. The record contains no evidence that Lipscomb Oil Company, or any individual under its control, caused or contributed to the conditions alleged to be dangerous by Bouldin. In the absence of proof that Lipscomb Oil Company, through its own negligence, caused a dangerous condition, Bouldin must prove that Lipscomb Oil Company had actual or constructive notice of a defect and failed to provide an appropriate warning.
¶ 11. It is apparent that the affidavit of Sherry Bouldin was intended to aid in proving either constructive or actual knowledge on the part of Lipscomb Oil Company. However, even a cursory reading of Sherry Bouldin's affidavit reveals that it falls woefully short in proving notice, either actual or constructive. Sherry Bouldin's affidavit fails to (1) state whether the incident was reported to Lipscomb Oil Company personnel, or (2) whether any Lipscomb Oil Company personnel witnessed the event. Lipscomb Oil Company cannot be charged with actual knowledge of Sherry Bouldin's February 1999 incident at Exxon No. 35.
¶ 12. Lipscomb Oil Company may still be charged with notice if it can be shown that a dangerous condition existed at the gas pumps for a period of time sufficient to impute knowledge to Lipscomb Oil Company and the company failed to warn Bouldin. Constructive knowledge is established when a dangerous condition existed for such a length of time that, in the exercise of reasonable care, the business operator should have known of the condition. Jacox, 908 So.2d at 185(¶ 8).
¶ 13. Sherry Bouldin's affidavit indicated she experienced difficulty at a gas pump around the end of February 1999. Bouldin's gas incident occurred on March 10, 1999. Bouldin does not offer proof that the gas pump malfunctions were such frequently, recurring events that Lipscomb Oil Company should have been on notice of likely future occurrences. Indeed, Sharon Bridgeman, the store manager, pointed out that she had never heard of any accidents at the gas station where gas unexpectedly discharged from the hose without provocation.
¶ 14. Additionally, the two incidents were substantially dissimilar. Bouldin described an incident where the gasoline unexpectedly discharged from the hose before he engaged the trigger. Sherry Bouldin, however, indicated she did engage the hose's trigger but that the gas failed to automatically stop when the tank became full. Because of the significant dissimilarities of the two events, Sherry Bouldin's incident cannot be considered on the issue of constructive notice.
¶ 15. In the face of the lack of notice, actual or constructive, Mr. Bouldin is essentially asking this Court to hold that the operation of a service station is so inherently dangerous as to require the application of a strict liability standard. The Court declines to do so. Accordingly, we affirm the judgment of the trial court.
*68 ¶ 16. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.