MYERS, P.J.,
for the Court,
¶ 1. Jack Nofsinger filed a negligence action against Joe Irby in the Circuit Court of Harrison County. Specifically, Nofsinger claimed that while he was under the employ of Irby and using Irby’s table saw to cut wooden forms for the construction of a concrete driveway on Irby’s rental property, a wood chip was propelled from the blade striking him in the left eye and resulting in permanent loss of vision to the eye. Nofsinger claims that Irby failed to maintain a safe working environment by not ensuring that the table saw had a safety guard over the blade, that Irby failed to warn Nofsinger of the absence of the safety guard before Nofsinger used the saw, and that Irby did not properly instruct him on the use of the table saw. Irby filed a motion for summary judgment and a hearing was held on the motion. The circuit court granted summary judgment in favor of Irby and subsequently entered a final judgment of dismissal with *779 prejudice on August 1, 2006. Aggrieved by the judgment, Nofsinger appeals, seeking review of the following issue:
WHETHER THE CIRCUIT COURT ERRED IN GRANTING IRBY’S MOTION FOR SUMMARY JUDGMENT?
¶ 2. Finding no error, we affirm.
FACTS
¶3. In May 2003, Joe Irby hired his neighbor, Jack Nofsinger, to help him form a driveway at a rental duplex Irby was building. Nofsinger is an experienced carpenter and construction worker with over twenty-five years of experience, and by his own admission often gave Irby pointers regarding home improvement projects. Irby had hired Nofsinger to perform trim work on his rental properties on at least two prior occasions. On the previous two occasions, Irby paid Nofsinger by the job and neither withheld taxes from Nofsinger’s payment nor provided Nof-singer with a W-2 form.
¶ 4. On May 29, 2003, while helping Irby construct the driveway form, Nofsinger went into the duplex garage and retrieved Irby’s table saw. While Nofsinger was cutting stakes for the driveway form, a wood chip was propelled from the saw blade and struck him in the left eye causing permanent blindness in the eye. Irby’s table saw did not have the proper safety guard over the blade and Nofsinger was using the saw without wearing safety goggles. Nofsinger acknowledged during the summary judgment hearing that he was aware of the danger of using a table saw without a safety guard and goggles, and admitted to doing so on numerous occasions in the past. He also testified to operating similar table saws “a couple of thousand times,” and that if he had been wearing goggles, the wood chip would not have struck him in the eye.
¶ 5. At the summary judgment hearing and on appeal, Nofsinger asserts that he was working at the request of Irby and was either his employee or a business invitee. He claims that Irby owed him a duty of providing a safe working environment and that Irby breached this duty by not placing a safety guard over the saw blade and by not warning him of the danger of operating the saw without a safety guard. Irby argued at the summary judgment hearing, and maintains on appeal, that Nofsinger was an independent contractor and that an exception to the duty to provide an independent contractor applies when, as here, the risk of injury arises from the machinery or appliances located on the premises and intimately connected with that which the contractor has undertaken to repair. Further, Irby asserts that he is absolved of any duty to protect Nofsinger because the danger was inherent to the work performed by Nofsinger and Nofsinger appreciated the danger.
¶6. The circuit court found that Nof-singer was, indeed, an independent contractor and that in accordance with Grammar v. Dollar, 911 So.2d 619 (Miss.Ct.App.2005), Irby owed no duty to Nofsinger. The circuit court then granted Irby’s motion for summary judgment. On appeal, Nofsinger contends that the circuit court erred in granting Irby’s motion for summary judgment by relying on Grammar to incorrectly determine that Nofsinger was an independent contractor, by finding that there was no issue of material fact in dispute over Nofsinger’s status, and by finding that Irby had no duty to warn Nofsinger that the table saw was missing a safety guard.
STANDARD OF REVIEW
¶ 7. The standard of review by which an appellate court reviews the grant or denial of a motion for summary judgment under *780 Rule 56(c) of the Mississippi Rules of Civil Procedure is de novo. Grammar, 911 So.2d at 621-22 (¶ 4) (citing McMillan v. Rodriguez, 823 So.2d 1173, 1177 (¶ 9) (Miss.2002)). In accordance with this standard, this Court must examine all evi-dentiary matters before it, and the evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. Therefore, the non-movant is given the benefit of any doubt, and the movant maintains the burden of demonstrating that no genuine issue of material fact exists. Id. If, upon viewing the evidence in this light, no genuine issue of material fact can be found, and the moving party is entitled to judgment as a matter of law, summary judgment should be granted. Id. Otherwise, the motion should be denied. Id.
DISCUSSION
¶ 8. Nofsinger first contends that the circuit court erred in applying the opinion of Grammar to determine Nofsinger’s status as an independent contractor. We review the facts and issues presented in Grammar, finding that they are strikingly similar to those presented here. Grammar, a housekeeper for the Dollars, slipped in a puddle of water while cleaning the Dollars’ bathroom. She brought a negligence action asserting, as Nofsinger does here, that the defendants were responsible for her injuries for failure to maintain a safe working environment and failure to warn. Grammar asserted that she was either an employee or an invitee; the Dollars argued that she was an independent contractor. In the case at bar, Nofsinger argues that since this Court found that Grammar’s status was “inconsequential to the outcome of the case,” the factors this Court weighed in analyzing whether or not Grammar was an independent contractor are not of precedential value. Id. at 625 (¶ 14). In support of this argument, Nofsinger cites the supreme court decision of Aetna Ins. Co. v. Commander, 169 Miss. 847, 855, 153 So. 877, 879 (1934), holding that where appellate consideration of a question is not necessary, and does not affect the decision of the case, the language is not to be regarded as precedent. While we recognize the rule promulgated in Commander, we find that the rule is inapplicable in this case.
¶ 9. In this Court’s opinion in Grammar we ultimately concluded that Grammar’s status as either an independent contractor, employee, or invitee did not affect the outcome of the case, but we did not hold that consideration of the question was not necessary. This Court’s opinion in Grammar analyzed the facts as if Grammar had been an independent contractor, then an employee, and finally an invitee. We determined that under either of the three scenarios, Grammar had produced no evidence demonstrating that the Dollars had breached any duty they might have owed to her. Grammar, 911 So.2d at 625 (¶ 14). Accordingly, the analysis this Court employed in arriving at that opinion is as much of precedential value as it would have been had we determined Grammar’s status and then ruled that she had produced no evidence of a breach of duty. Furthermore, the Court of Appeals decisions are final unless the Supreme Court grants certiorari review. M.R.A.P. 17(a). Our supreme court did not grant certiorari review of Grammar, and until Grammar is overruled by an intervening decision of our supreme court or this Court, it remains appropriate precedent upon which a trial court may rely to determine the factors to be weighed when determining independent contractor status. Accordingly, the circuit court did not err in applying the independent contractor factors enunciated in Grammar.
*781 ¶ 10. Nofsinger next argues that the circuit court erred in determining that Nofsinger was an independent contractor and that no issue of material fact remained in dispute as to whether he was an employee or invitee. In arriving at this decision the circuit court relied on the following analysis from Grammar:
An independent contractor, as adopted by the courts, is defined as “a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other’s right to control with respect to his physical conduct in the performance of the undertaking.” Texas Co. v. Mills, 171 Miss. 231, 243, 156 So. 866, 869 (1934) (citing Restatement (First) of Agency § 2 (1933)); Gray, 850 So.2d at 184 (¶ 14). An employer is under a duty to provide an independent contractor with a reasonably safe work environment or give warning of danger. Mississippi Chemical Corp. v. Rogers, 368 So.2d 220, 222 (Miss.1979). An employer is relieved of the duty of informing an independent contractor of a danger at the work site if the independent contractor knows of that danger. Id.
As an exception to the general rule requiring the owner or occupier of premises to furnish a safe place of work to an independent contractor and employees thereof, the owner or occupier is under no duty to protect them against risks arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair. Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267, 271 (Miss.1970). Additionally, the owner is not liable for death or injury of an independent contractor or one of his employees resulting from dangers which the contractor, as an expert, has known, or as to which he and his employees “assumed the risk.” Id. Furthermore, when a danger exists, which is inherent to the work the independent contractor is employed to perform, or which arises from or is intimately connected with the work to be performed, the employer’s duty to protect the contractor is absolved. Coho Resources Inc. v. McCarthy, 829 So.2d 1, 10-11 (¶¶ 20-21) (Miss.2002). Additionally, the premises owner’s liability is limited by the extent to which he has “devolved upon the contractor the right and fact of control of the premises and the nature of the work.” Magee v. Transcontinental Gas Pipe Line Corp., 551 So.2d 182, 185 (Miss.1989).
When determining whether an individual acting for another is an “employee” or “independent contractor,” the Mississippi Supreme Court has consistently expressed the need to consider a variety of facts, which include: (a) the extent of control exercised by the employer over the details of the work; (b) whether the one employed is engaged in a distinct occupation or business; (c) the skill required in the particular occupation; (d) whether the employer or workman supplies the instrumentalities, tools, and place of work; (e) the length of time for which the person is employed; (f) the method of payment, i.e., whether by the time or by the job; and (g) whether the work is part of the regular business of the employer. MESC v. Plumbing Wholesale Co., 219 Miss. 724, 732, 69 So.2d 814, 818 (1954), Estate of Dulaney v. Miss. Employment Sec. Comm’n, 805 So.2d 643, 646(¶ 13) (Miss.Ct.App.2002). Additionally, whether an individual is an employee or independent contractor depends on the facts, not someone’s summary characterization of the relationship. Gray, 850 So.2d at 183 (¶ 11).
Grammar, 911 So.2d at 622-23 (¶¶ 7-9).
¶ 11. Using the above analysis in arriving at its decision, the circuit court consid *782 ered the previous working relationships of the parties, the undisputed fact that Irby neither withheld taxes from Nofsinger’s payment nor provided W-2 forms, the fact that Nofsinger had over twenty-five years of experience in carpentry and often gave Irby advice on projects, and the fact that Nofsinger, not Irby, determined the elevation and radius of the driveway more closely aligned Nofsinger’s status with that of an independent contractor than that of an employee or invitee. The circuit court further held that the exception noted above applied to this case to absolve Irby’s duty to provide a safe workplace, and that Nof-singer’s knowledge of carpentry and extensive prior use of saw blades, combined with his admission that he appreciated the risk of operating the saw without a safety guard or goggles, absolved Irby of any liability he may have had for a failure to warn of the dangers of using the saw without a safety guard or goggles.
¶ 12. As previously mentioned, Nofsinger contends that he is either an employee or an invitee. Again, we reference our previous analysis in Grammar:
A business invitee is defined as someone who enters onto another’s premises at the invitation of the owner for the purpose of benefitting both parties. Ball v. Dominion Ins. Corp., 794 So.2d 271, 273 (¶ 9) (Miss.Ct.App.2001). The duty owed to an invitee is of a higher standard, in that the occupant or owner has a duty to warn the invitee of dangerous conditions if they are not readily apparent, of which the occupant knows or should reasonably know through the exercise of reasonable care. Anderson v. B.H. Acquisition Inc., 771 So.2d 914, 918 (¶ 7) (Miss.2000).... Conversely, a social guest is a licensee or one who enters the property of another for his own benefit, pleasure, or convenience and with the implied permission of the owner. Sharp v. Odom, 743 So.2d 425, 429 (¶ 5) (Miss.1999). The duty owed to a licensee or social guest is to refrain from willfully or wantonly injuring the guest. Id. The basis of the inviter’s liability for injuries sustained by the invitee on the premises rests on the owner’s superior knowledge of the danger, and thus, as a general rule, he is not hable for an injury to an invitee resulting from a danger which was known to the invitee, was obvious or should have been observed by the invitee in the exercise of reasonable care, from a condition which was as well known or as obvious to the invitee as to the inviter, or from a danger which the invitee should reasonably have appreciated before exposing himself to it, or which the inviter had no reason to believe would not be discovered by the invitee. Jackson Ready-Mix Concrete, 235 So.2d at 270. Furthermore, there is no duty to warn the invitee of a defect or danger which is known to him or which is as well-known to the invitee as to the owner or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care. Id.
Grammar, 911 So.2d at 624 (¶ 12).
¶ 13. The facts in the record, viewed in the light most favorable to Nofsinger, do not support his position that Irby breached a duty of care by not placing a safety guard over the saw blade, by not warning him of the absence of the safety guard, nor by not properly instructing him on how to use the saw. The undisputed facts in the record are that Nofsinger has worked in the carpentry and construction industry for more than twenty-five years. Nofsinger has superior knowledge in the industry than that possessed by Irby. Further, Nofsinger has used table saws similar to the one at issue here and without goggles or a safety guard “thousands of times,” and Nofsinger admitted that he appreciated the danger of doing so. Therefore, *783 whether Nofsinger was an independent contractor, an employee, or an invitee is of no moment to the ultimate decision on the issue of summary judgment. Under the appropriate analysis for either of the three statuses claimed, Nofsinger appreciated or should have appreciated the risks associated with using the table saw without the appropriate safety equipment and his assumption of that risk absolves Irby of the liability claimed. Nofsinger has failed to produce any evidence demonstrating that Irby breached any duty owed to him, and, therefore, summary judgment is affirmed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.